# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:18CR016 |
| | § | |
| DARRELL WAYNE WILLIAMS, | § | |
| | § | |
| | § | |
| Defendant. | | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on May 20, 2019, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Jarvis. The Government was represented by Matt Johnson.

Darrell Wayne Williams was sentenced on December 11, 2003, before The Honorable Tom Staff of the Western District of Louisiana after pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute 500 Grams or More of Cocaine Hydrochloride (powder cocaine), a schedule II controlled substance, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment rage, based on a total offense level of 23 and a criminal history category of V was 84 to 105 months; however, as the statutory minimum sentence was 120 months, Darrell Wayne Williams was sentenced to 120 months of imprisonment followed by an 8-year term of supervised release, subject to the standard conditions of release, plus special conditions to include substance abuse treatment and a $100 special assessment. On September 11, 2015, Darrell Wayne Williams completed his period of imprisonment and began

REPORT AND RECOMMENDATION – Page 1

service of the supervision term. On December 21, 2017, the sentencing Court approved a modification of the offender's term of supervised release to include special conditions for mental health treatment and a condition that he comply with any court order which restricts, prohibits, or otherwise limits contact or communication with his wife, Teresa Ann Flores. On February 9, 2018, jurisdiction of this case was transferred to the Eastern District of Texas and assigned to U.S. District Judge Amos L. Mazzant, III.

On November 15, 2018, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 2, Sealed]. The Petition asserted that Defendant violated two (2) conditions of supervision, as follows: (1) The Defendant shall not commit another federal, state, or local crime; and (2) The Defendant must participate in any combination of psychiatric, psychological, or mental health treatment programs, and follow the rules and regulations of that program until discharged. This includes taking any mental health medication as prescribed by your treating physician. The probation officer, in consultation with the treatment provider, will supervise your participation in this program, which may include an anger management or domestic violence component. You must pay any cost associated with treatment and testing.

The Petition alleges that Defendant committed the following acts: (1) On August 31, 2018, the defendant entered a plea of guilty to the offenses of Aggravated Assault Causes Bodily Injury, and Assault Family/House Member Impede Breathing/Circulation in Collin County District Court, Case No. 380-80477-2018, Counts 1 and 2 respectively. He was subsequently sentenced to three (3) years of deferred adjudication on both cases running concurrently, and assessed a $500 fine and $264 in court costs in both cases. The defendant is currently being supervised on deferred adjudication probation by the Collin County Community Supervision and Corrections Department.

These offenses occurred on September 14, 2017, at the defendant's residence in Frisco, Texas; and (2) The Defendant failed to attend his scheduled mental health treatment sessions at Fletcher Counseling & Associates in Plano, TX, on August 21, 2018, and September 5, 2018, as directed.

Prior to the Government putting on its case, Defendant entered a plea of true to allegations one (1) and two (2) of the Petition. Having considered the Petition and the plea of true to allegations one (1) and two (2), the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocate before the District Judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of eighteen (18) months, with twenty-four (24) months of supervised release to follow. The Court has determined that a variance is appropriate and recommends a variance to a Grade B violation range. Reasons for the variance were stated on the record.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in the North Texas area, if appropriate.

**SIGNED this 30th day of May, 2019.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE